Jaime H. Castiblanco, Esq.
305 Broadway, Suite 1203
New York, NY 10007
Attorney for Petitioner

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JIMENEZ MAGANA, Edgar Otoniel<br>         Petitioner,<br><br>v.<br><br>William JOYCE, Acting New York Field Office Director, Immigration and Customs Enforcement, U.S. Department of Homeland Security; Kristi NOEM, Secretary, U.S. Department of Homeland Security; Pamela BONDI, U.S. Attorney General.<br><br>         Respondents. | Case No.   2:26-cv-00835<br><br>**PETITION FOR WRIT OF HABEAS CORPUS** |

I. **Introduction**

  1. This is a petition for writ of habeas corpus filed on behalf of Edgar Jimenez (Petitioner) seeking relief to remedy his unlawful detention. Petitioner was detained on February 11, 2026 and remains in the custody of Immigration and Customs Enforcement (ICE). Under information and belief, petitioner is being held at Nassau County Correctional Center.

II. **Petitioner is a class member in *Maldonado Bautista*, and is eligible to be released on bond or have a bond hearing.**

  2. Petitioner is a class member in *Maldonado Bautista v. Santacruz,* No. 5:25-CV-01873-SSS-BFM, Doc. 82 (C.D. Cal., Nov. 25, 2025) as he meets all the eligibility criteria defined by the court for class membership. The defined Bond Eligible Class is: "All noncitizens

1

in the United States without lawful status who (1) have entered or will enter the United States without inspection, (2) were not or will not be apprehended upon arrival; (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or §1232 at the time the Department of Homeland Security makes an initial custody determination." *Id.*

3. Petitioner is a member of the Bond Eligible Class because he: does not have lawful status in the United States, and:

(1) Petitioner entered the United States without inspection fifteen years ago,

(2) was not apprehended upon arrival, and

(3) Petitioner is not detained under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231.

4. By virtue of the Final Judgment issued in the referenced case on December 18, 2025, petitioner is detained under U.S.C. §1226(a), is not subject to mandatory detention under § 1225(b)(2), and is entitled to consideration for release on bond, and if not released, a custody redetermination hearing before an immigration judge. *See Maldonado Bautista et al. v. Kristi Noem et. al,* No. 5:25-CV-01873-SSS-BFM, Doc. 94 (C.D. Cal., Dec. 18, 2025).

5. On December 18, 2025, the district court in *Maldonado Bautista v. Noem* entered final judgment in favor of individual petitioners and members of the Bond Eligible Class, clarifying that the Partial Summary Judgment entered on November 20, 2025 extends to members of the Class. *Maldonado Bautista v. Santacruz,* No. 5:25-CV-01873-SSS-BFM, Doc. 94 (C.D. Cal., Dec. 18, 2025) and *Maldonado Bautista v. Santacruz,* No. 5:25-CV-01873-SSS-BFM, Doc. 93 (C.D. Cal., Dec. 18, 2025) (Order Consolidating the Court's Order on Motion For Partial Summary Judgment, Class Certification, and Application for Reconsideration, and Clarification- Which clarifies that the Partial Summary Judgment extends to members of the Bond Eligible Class).

2

6. The Order for Partial Summary Judgement emphasizes that the Supreme Court has made a clear distinction between detentions of noncitizens under the authority of 8 U.S.C. §§ 1225(b) and 1226, and explained that where a noncitizen, who is already in the country and is awaiting the outcome of removal proceedings, is detained, his detention is conducted pursuant to 8 U.S.C. § 1226, on the other hand, where a noncitizen is seeking admission, the government may detain him under 8 U.S.C. § 1225(b). *See also Jennings v. Rodriguez,* 583 U.S. 281, 289 (2018). The Court in *Maldonado Bautista* rejected the Government's argument that "all noncitizens who are already in the country (regardless of whether they were inspected and authorized by and immigration officer) were "applicants for admission," as an arbitrary and extensive interpretation that nullifies a "portion of the INA through DHS's legislative of interpretative exercise of power, which is not appropriate under the separations of powers." *See Maldonado Bautista v. Santacruz*, (C.D. Cal, Nov. 20, 2025) at 15, 16. Consequently, the Court decided the directives in 8 U.S.C. § 1226(a) persist and that the Attorney General must continue to release the noncitizens detained under §1226(a) on bond or parole.

7. The Executive Office of Immigration Review (EOIR) and the Department of Homeland Security (DHS) have refused to abide by the declaratory relief and have unlawfully ordered that Petitioner be denied the opportunity to be released on bond, claiming that the Immigration Judges have no jurisdiction in matters of bond determination under *Matter of Yajure Hurtado*.

8. Respondents are bound by the judgment in *Maldonado Bautista*, which has the full "force and effect of a final judgment." 28 U.S.C. § 2201(a). Nevertheless, Respondents continue to defy the judgment in that case and continue to subject Petitioner to unlawful detention despite his clear entitlement to consideration for release on bond as a Bond Eligible Class member.

9. Because Respondents are detaining Petitioner in violation of the declaratory judgment issued in *Maldonado Bautista,* the Court should accordingly order that within one day, Respondent DHS must release Petitioner.

10. Alternatively, the Court should order Petitioner's release unless Respondents provide a bond hearing under 8 U.S.C. § 1226(a) within three days.

### III. By application of *Zhi Ye v. Raul Maldonado, et al.,* No. 25-cv-6417(ADM) (E.D.N.Y., Dec. 8, 2025), *Sarmiento Guerrero v. Noem,* No. 25-cv-5881 (E.D.N.Y., Nov. 18, 2025), *O.F.B. v. Maldonado,* No. 25-cv-6336 (E.D.N.Y., Nov. 25, 2025), the Court must find that the petitioner's detention is governed by 8 U.S.C. § 1226(a), and that any detention under 8 U.S.C. §1225 is a violation of Federal Law and warrants the immediate release of petitioner.

11. In *Zhi Ye v. Raul Maldonado*, the petitioner entered into the United States on 2023, was briefly detained, released on his own recognizance, filed an application for asylum and withholding of removal, and was in full compliance with the conditions of his release, pursuant to 8 U.S.C. §1226. On November 8, 2025, petitioner *Zhi Ye* was detained by ICE after ICE cancelled the order of release on recognizance and arrested petitioner during an ICE check-in pursuant to 8 U.S.C. § 1225(b)(2)(A). The court notes that the government did not provide justification for the arrest and that petitioner was not given any individualized explanation for his arrest or detention or opportunity to be heard. *Zhi Ye v. Raul Maldonado, et al.,* at 4.

12. *Zhi Ye* asserted that because he was already in the United States he was not seeking admission and therefore § 1225(b)(2) does not apply to him. [1]The government argued that petitioner *Zhi Ye* was subject to mandatory detention under 1225(b)(2) because "he entered the

---

[1] In O.F.B. v. Maldonado, No. 25-cv-6336 (E.D.N.Y., Nov. 25, 2025), the court agreed with petitioner's argument that §1225 does not apply to him because he has been in the United States pending his removal proceeding and is therefore not seeking admission.

4

United States without admission or inspection and has been residing in the country for years without lawful status (…) therefore still seeking admission." *Id.* at 8.

13. Title 8 U.S.C. § 1225(b)(2)(a) reads: "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." The court reasoned that a noncitizen would have to be actively seeking admission for this statute to apply.

14. Consequently, in *Zhi Ye v. Raul Maldonado, et al.,* this Court held that section 1225(b)(2)(a) does not apply to petitioner *Zhi Ye* because he had been living in the United States while his asylum application was pending, and *"his detention can only be authorized if ICE complied with 8 U.S.C. § 1226(a)."* Id. at 12 (emphasis added).

15. In *Zhi Ye,* this Court underscored that "the petitioner is the latest of hundreds of noncitizens who have been detained this year pursuant to the government's new Section 1225 theory and who have sought emergency relief from the courts. Courts who have considered these applications have overwhelmingly rejected the government's new interpretation of the INA." *Id.* at 7.

16. This Court concluded that the governments interpretation of the INA is inconsistent with the text, statutory scheme and binding precedent, and that it is clear that in petitioner's *Zhi Ye* case, 8 U.S.C. § 1226 applies.

17. Finally, in *O.F.B. v. Maldonado,* reasoning on the difference between sections 1225 and 1226, this court explained that "this Court is bound to follow the Supreme Court's decision in Jennings, which answers this question. In Jennings, the Court explained that Section 1225 applies to 'certain aliens seeking admission into the country,' while Section 1226, in contrast, is a 'default

5

rule' that "authorizes the Government to detain certain aliens already in the country pending the outcome of removal proceedings under §§ 1226(a) and (c)." *O.F.B.* v. Maldonado, No. 25-cv-6336 (E.D.N.Y., Nov. 25, 2025).

18. In the instant matter, Mr. Jimenez arrived at the United States over fifteen years ago, in 2009. He is clearly already in this country, and like petitioners *Zhi Ye, O.F.B,* and *Sarmiento Guerrero,* he cannot and is not actively seeking admission. Petitioner Jimenez entered the United States as a child, without inspection, has not been admitted or paroled. Therefore, petitioner's detention is governed by 8 U.S.C § 1226(a) and his detention would only be authorized if ICE complied with 8 U.S.C. § 1226(a).

## JURISDICTION

19. Petitioner is in physical custody of Respondents. Under information and belief, petitioner is detained at the Nassau Correctional Facility.

20. This action arises under the Constitution of the United States and the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 *et seq*.

21. This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus), 28 U.S.C. § 1331 (federal question), and Article I, § 9, cl. 2 of the United States Constitution (the Suspension Clause).

22. This Court may grant relief under the habeas corpus statutes, 28 U.S.C. § 2241 *et. seq*., the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., and the All Writs Act, 28 U.S.C. § 1651.

## VENUE

23. Petitioner is detained at the Nassau County Correctional Facility, located in Nassau County. Accordingly, as petitioner is being held in Nassau County, this court has jurisdiction over

this matter. Pursuant to *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 493-500 (1973), venue lies in the United States District Court for the Eastern District of New York, the judicial district in which Petitioner currently is detained.

24. Venue is also properly in this Court pursuant to 28 U.S.C. § 1391(e) because Respondents are employees, officers, and agencies of the United States, and because a substantial part of the events or omissions giving rise to the claims occurred in the Eastern District of New York.

## REQUIREMENTS OF 28 U.S.C. § 2243

25. A petition for a writ of habeas corpus under Section 2241 "authorizes a district court to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or law or treaties of the United States." *Wang v. Ascroft,* 320 F.3d 130, 140 (2d Cir. 2003).

26. The Court should grant the petition for writ of habeas corpus "forthwith," as the legal issues have already been resolved for class members in *Maldonado Bautista,* and pursuant to *Zhi Ye v. Raul Maldonado, et al.,* No. 25-cv-6417(ADM) (E.D.N.Y., Dec. 8, 2025), *Sarmiento Guerrero v. Noem,* No. 25-cv-5881 (E.D.N.Y., Nov. 18, 2025), *O.F.B.* v. Maldonado, No. 25-cv-6336 (E.D.N.Y., Nov. 25, 2025), and all other decisions issued by this Court that constitute precedent in this matter.

27. Courts have long recognized the significance of the habeas statute in protecting individuals from unlawful detention. The Great Writ has been referred to as "perhaps the most important writ known to the constitutional law of England, affording as it does a swift and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia,* 372 U.S. 391, 400 (1963).

28. No statutory requirement of exhaustion applies to Petitioner's challenge to the lawfulness of his detention. *See, e.g., Araujo-Cortes v. Shanahan*, 35 F. Supp. 3d 533, 538 (S.D.N.Y. 2014) ("There is no statutory requirement that a habeas petitioner exhaust his administrative remedies before challenging his immigration detention.").

29. Prudential exhaustion may be required in some circumstances. However, Courts may waive prudential exhaustion requirement if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, of the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004).

30. In the instant matter, filing a motion for bond redetermination with an immigration judge would be futile because the BIA has stripped immigration judged from their authority to hear and redetermine bonds in cases like the petitioner. In Matter of *Yajure Hurtado,* 29 I&N Dec. 16 (BIA 2025) the BIA determined that noncitizens "who are present in the United States without admission are applicants for admission as defined under section 235(b)(2)(A) of the INA, 8 U.S.C. § 1225(b)(2)(A), and must be detained for the duration of their removal proceedings," and held immigration judges do not have authority over bond requests filed by noncitizens who are detained under 8 U.S.C. §1225(b)(2)(A). *See Yajure Hurtado,* at 220.

31. Expecting petitioner to request bond redetermination with the immigration judge and later appeal the inevitable denial to the BIA in order to comply with prudential exhaustion is not efficient because these proceedings would take months and would irreparably harm the Petitioner by continuing to deprive him of his liberty.

## PARTIES

32. Petitioner Jimenez has been in immigration detention since February 11, 2026. After Petitioner was detained at Nassau Correctional Facility, ICE did not set bond.

33. Respondent William Joyce is the Acting Director of the New York Field Office of ICE's Enforcement and Removal Operations division. As such, Mr. William Joyce is Petitioner's immediate custodian and is responsible for Petitioner's detention and removal. He is named in his official capacity.

34. Respondent Kristi Noem is the Secretary of the Department of Homeland Security. She is responsible for the implementation and enforcement of the INA, and oversees ICE, which is responsible for Petitioner's detention. Ms. Noem has ultimate custodial authority over Petitioner and is sued in her official capacity.

35. Respondent Department of Homeland Security (DHS) is the federal agency responsible for implementing and enforcing the INA, including the detention and removal of noncitizens.

36. Respondent Pamela Bondi is the Attorney General of the United States. She is responsible for the Department of Justice, of which the Executive Office for Immigration Review and the immigration court system it operates is a component agency. She is sued in her official capacity.

37. Respondent Executive Office for Immigration Review (EOIR) is the federal agency responsible for implementing and enforcing the INA in removal proceedings, including for custody redeterminations in bond hearings.

## STATEMENT OF FACTS

38. Petitioner is a citizen of El Salvador who entered the United States on or about August 2009 and has been residing in the United States for over fifteen years.

39. On February 11, 2026 petitioner was arrested and detained by ICE during an unsubstantiated traffic stop. Under information and belief, petitioner is detained at Nassau County Correctional Facility.

40. Petitioner is the parent to TSJP, who is a United States Citizen.

41. Mr. Jimenez entered the United States when he was an 11-year-old child.

42. Mr. Jimenez is the beneficiary of an approved U-Visa as a derivative.

## CLAIM FOR RELIEF

### COUNT ONE
### Constitutional Claim

43. Petitioner alleges and incorporates paragraphs stated above.

44. Petitioner's detention violates his right to due process guaranteed by the Fifth Amendment to the U.S. Constitution.

### COUNT TWO
### Violation of the Administrative Procedure Act – 5 U.S.C. § 706(2)(A), the Immigration and Nationality Act- 8 U.S.C. §1226 and Federal Regulations not in Accordance with Law and in Excess of Statutory Authority
### Unlawful Detention

45. Petitioner repeats, re-alleges, and incorporates by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

46. Under the APA, a court shall "hold unlawful and set aside agency action (…) found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

47. An action is an abuse of discretion if the agency "entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Nat'l Ass'n of Home Builders v. Defs. of Wildlife*, 551 U.S. 644, 658 (2007) (*quoting Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)).

48. Under 8 U.S.C. § 1226(a)(2)(A)-(B) a noncitizen who is in the United States may be "arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States," and provides that the government may release the noncitizen on bond or conditional parole. *See also Zadvydas v. Davis*, 533 U.S. at 690 (2001). If such a release decision is made, a revocation of the custody determination may be made only when warranted by an individual's specific facts and circumstances. 8 U.S.C. § 1226(b).

49. To survive an APA challenge, the agency must articulate "a satisfactory explanation" for its action, "including a rational connection between the facts found ant the choice made." *Dep't of Com. v. New York*, 139 S. Ct. 2551, 2569 (2019).

50. Based on the decision in *Yajure Hurtado*, many noncitizens who are detained under similar circumstances as the petitioner, are being held without the possibility of a bond hearing. *Yajure Hurtado* does not excuse or justify the government's unlawful actions of detaining noncitizens in violation of 8 U.S.C. §1226.

51. As a member of the Bond Eligible Class, Petitioner is entitled to consideration for release on bond under 8 U.S.C. § 1226(a).

52. The order granting partial summary judgment in *Maldonado Bautista* holds that Respondents violated the INA in applying the mandatory detention statute at § 1225(b)(2) to class members.

53. Respondents are parties to *Maldonado Bautista* and bound by the Court's declaratory judgment, which has the full "force and effect of a final judgment." 28 U.S.C. § 2201(a).

54. By denying Petitioner a bond hearing under § 1226(a) and asserting that he is subject to mandatory detention under § 1225(b)(2), Respondents violate Petitioner's statutory rights under the INA and the Court's judgment in *Maldonado Bautista*.

55. Finally, in applying this Court's reasoning in *Zhi Ye v. Raul Maldonado, Sarmiento Guerrero v. Noem, O.F.B.* v. Maldonado, No. 25-cv-6336 (E.D.N.Y., Nov. 25, 2025), and all other decisions issued by this Court that constitute precedent in this matter, the Court must determine that Petitioner's detention is not authorized by the INA and is therefore unlawful, for which the only remedy is immediate release.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner prays that this Court grant the following relief:

a. Assume jurisdiction over this matter;

b. Issue a writ of habeas corpus requiring that Respondents release Petitioner immediately.

c. Alternatively, issue a writ of habeas corpus requiring Respondents to release Petitioner unless they provide a bond hearing under 8 U.S.C. § 1226(a) within seven days;

d. Enjoin respondents from transferring petitioner out of the Eastern District of New York.

e. Award Petitioner attorney's fees and costs under the Equal Access to Justice Act (EAJA), as amended, 28 U.S.C. § 2412, and on any other basis justified under law; and

f. Grant any other and further relief that this Court deems just and proper.

DATED this February 12, 2026

Jaime H. Castiblanco, Esq.
**Attorney for Petitioner**