**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*610 Federal Plaza*
*Central Islip, New York 11722*

February 13, 2026

Honorable Sanket J. Bulsara
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re: *Magana v. Joyce, et.al*. No. 26-CV-835 (Bulsara, J.)

Dear Judge Bulsara:

This Office, on behalf of the Respondents, respectfully submits this letter and accompanying Declaration in response to the Court's February 12, 2026 Order and in response to the Petition (Docket Entry #1) of Edgar Otoniel Jiminez Magana ("Petitioner") for release from custody by Immigration and Customs Enforcement ("ICE").

The legal issues presented in this action concern whether Petitioner's detention violates his procedural and substantive due process rights, the Immigration and Nationality Act, 8 U.S.C. § 1158 et. seq ("INA"), and the Administrative Procedure Act, 5 U.S.C. § 701 et. seq ("APA"). Petitioner principally seeks an order from this Court directing ICE to immediately release him from detention.

**Petitioner's Current Location**:

The undersigned has been informed by agency counsel that Petitioner was encountered by ICE officers on February 11, 2026. ICE arrested Petitioner pursuant to 8 U.S.C. § 1225 (b)(2)(A). Petitioner was arrested, transported to ICE's processing offices at Nassau County Correctional Center ("NCCC") and subsequently transferred to NCCC. On February 12, 2026, at approximately 7:30 p.m., Petitioner was booked out of NCCC and booked into Delaney Hall in New Jersey at approximately 9:00 p.m.[1]

---

[1] This Office notes that the Court issued it's Order on February 12, 2026 at approximately 6:12 p.m. limiting Petitioner's detention to the Eastern District of New York or the Southern District of New York. Apparently, Petitioner was in the process of being transferred to the District of New Jersey.

**Discussion Regarding the Merits of the Petition**[2]

The statutory basis for detaining Petitioner is 8 U.S.C. § 1225(b)(2)(A). In sum and substance, Petitioner alleges that his detention violates his due process rights and his detention violates the INA because he is subject to 8 U.S.C. § 1226, not 8 U.S.C. § 1225. As noted, this Court has already resolved nearly identical claims in prior cases.

Respondents are aware of this Court's decisions in similar matters. *See for e.g., Gopie v. Lyons, et. al.*, 2025 WL 3167130 (E.D.N.Y. November 13, 2025) (Bulsara, J.) and *Rodriguez-Acurio v. Noem*, *et.al*., 2025 WL 3314420 (E.D.N.Y. November 28, 2025)(Choudhury, J.) While Respondents respectfully disagree with the Court's assessment of the § 1225/§ 1226 issue, they acknowledge that, in view of that assessment, Respondents cannot prevail in this action. Thus, to conserve judicial resources and to expedite the Court's consideration of this case, the government respectfully adopts its previous arguments in *Gopie* and *Rodriguez-Acurio* and submits that the Court can decide this matter without further briefing or a hearing. However, should the Court prefer to receive a memorandum of law in this matter, Respondents will file such a brief upon the Court's request. Notwithstanding their submission of this letter in lieu of a formal brief, Respondents reserve all rights, including the right to appeal.

On February 6, 2026, the Court of Appeals for the Fifth Circuit issued an opinion that, while not binding on this Court, held that the government's interpretation of 8 U.S.C. § 1225 was correct. *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026). In this Circuit, a number of district court judges (albeit a minority) have ruled in the government's favor on this issue. *See Saamishvili v. Flanagan, et al.*, No. 25-cv-6178, 2026 WL 377574 (E.D.N.Y. Feb. 11, 2026)(Cogan, J.), *appeal filed* Feb. 12, 2026; *Chen v. Almodovar*, 25-cv-9670, 2026 WL 100761, at *8-9 (S.D.N.Y. Jan. 14, 2026) (Cronan, J.); *Weng v. Genalo et al*., No. 25-cv-09595, 2026 WL 184627, at *1 (S.D.N.Y. Jan. 23, 2026) (Rearden, J.); *Candido v. Bondi*, 25-cv-867, 2025 WL 3484932, at *2 (W.D.N.Y. Dec. 4, 2025) (Sinatra, J.); *Chen v. Almodovar, et al*., No. 25-cv-8350, 2025 WL 3484855, at *7 (S.D.N.Y. Dec. 4, 2025) (Vyskocil, J.), notice of appeal filed Dec. 16, 2025; *Liang v. Almodovar*, No. 25-cv-9322, 2025 WL 3641512, at *8 (S.D.N.Y. Dec. 15, 2025) (Vyskocil, J.), notice of appeal filed Jan. 15, 2026. In addition to pending appeals by petitioners regarding the denials of habeas petitions as noted above, the Government has affirmatively appealed the grant of a habeas petition in *Cunha v. Moniz*, 25-cv-6532 (W.D.N.Y. Nov. 25, 2025) (concluding, *inter alia*, that Section 1226(a), not Section 1225(b)(2)(A), applied), *notice of appeal* filed Dec. 11, 2025, No. 25-3141 (2d Cir.). The *Cunha* appeal is proceeding on an expedited track and is scheduled to be fully briefed March 3, 2026.

As to Petitioner's INA and APA claims, these statutes are not the proper vehicle for Petitioner's claims arising out of his detention, which drives this suit. In *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025), in which claims including due process claims were brought under the APA, the INA and various habeas provisions, the Supreme Court held that where the claims for relief, as

[2] This Office notes that it filed similar letters as this with Your Honor in the matter of *Flores-Linares v. Bondi, et. al.*, No. 26-298 (SJB) on January 20, 2026; *Argueta v. Francis, et.al*., 26-CV-408 (SJB) on January 26, 2026; and *Romero v. Bondi, et.al*. 26-796 (SJB) on February 13, 2026.

here, "necessarily imply the invalidity of their confinement," regardless of whether he requests release from confinement, those claims "fall within the 'core' of the writ of habeas corpus and must be brought in habeas." The Supreme Court's holding is consistent with well-established law that habeas is generally the only possible district court vehicle for challenges brought pursuant to immigration statutes. *Id.* (citing *Heikkila v. Barber*, 345 U.S. 229, 234-35 (1953)). All the claims in this suit constitute a core habeas claim — though they fail for the reasons discussed above— and are not cognizable under the INA or the APA. Further, by the APA's terms, it is available only for agency action "for which there is no other adequate remedy in a court." 5 U.S.C. § 704. Thus, Petitioner's APA claims are independently barred by this limitation. As noted by Justice Kavanaugh's concurrence in *J.G.G.*, "given 5 U.S.C. § 704, which states that claims under the APA are not available when there is another adequate remedy in court, I agree with the Court that habeas corpus, not the APA, is the proper vehicle here." *J.G.G.*, 604 U.S.at 674 (Kavanaugh, J. concurring). Here, as in *J.G.G.*, habeas is an "adequate remedy" through which Petitioner can challenge his detention.

Accordingly, for the reasons set forth above, the government respectfully submits that the Court deny this habeas petition.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By: /s/ Diane C. Leonardo
Diane C. Leonardo
Assistant U.S. Attorney
(631) 715-7854
diane.beckmann@usdoj.gov

Cc: Counsel of record by ECF